IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J-N-R, an adult,

Petitioner,

v.

JULIO HERNANDEZ, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); DAVID VENTURELLA, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

Case No. 3:26-cv-1311-AB

Agency No. Unknown

ORDER

**BAGGIO, District Judge:**

Petitioner J-N-R, detained by Respondents on June 26, 2026, in Medford, Oregon, filed a petition for habeas corpus.[1] Petitioner requests that this Court, among other things, "issue an immediate Order prohibiting the Respondents from transferring Petitioner from the District of Oregon without notice to and approval by the Court. Pet. at 23 (Prayer for Relief). To date, Petitioner has not served a copy of his Petition on Respondents.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of this Petition upon Respondents and the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

2. Respondents shall, **within seven days of being served with this Order**, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United States v. United Mine*

[1] Petitioner is permitted to proceed by initials; however, Petitioner's counsel is directed to provide Respondents with the Agency number and Petitioner's full name for purposes of complying with this Order.

*Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

///

///

///

///

///

///

5. If Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **72 hours of being served with this Order**. Respondents are further ordered to state the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

IT IS SO ORDERED.

DATED this 26th day of June, 2026.

AMY M. BAGGIO
United States District Judge